Filed 6/4/14  P. v. Perea CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060222 |
| v. | (Super.Ct.No. FWV1200397) |
| CHRISTOPHER EDWARD PEREA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Stephan G. Saleson, Judge.  Affirmed.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Christopher Perea is on probation for three years after pleading guilty to possessing concentrated cannabis (Health & Saf. Code, § 11357, subd. (a)) for having

1

a marijuana "grow house" in his home.[1]  Defendant appeals from the trial court's denial of his motion to suppress evidence under Penal Code section 1538.5.  We affirm the judgment.

### FACTS AND PROCEDURE

On February 17, 2012, police officers acted on a tip that the resident of defendant's house was growing marijuana and that a child was staying at the house.  The officers knocked on the front doors and windows of the house but there was no response.  The officers saw an open gate in the chain link fence separating the back yard from the front yard, and went to see if they could contact someone in the back yard.  Upon taking 5 to 10 steps into the back yard, the officers noticed a strong odor of marijuana coming from inside the house.  They saw an open window in the back of the house covered by a thick white material and containing a vent leading into the house.  They heard the sound of large fans inside the house.  The officers believed the house could be a "grow house" and that people could be inside, who might begin to hide and destroy evidence once they saw the officers.  For this reason, and because they believed a child might be in danger inside the house, they entered the house without a warrant.  No one was inside.  After securing the house, the officers obtained a search warrant.

After obtaining the search warrant, the officers found 968 marijuana plants, scales with marijuana residue, pay and owe sheets, heat lamps, and large quantities of marijuana

---

[1]  All section references are to the Health and Safety Code unless otherwise indicated.

2

in various states of preparation. They also found information indicating defendant lived in the home.

On February 27, 2013, the People filed an information charging defendant with selling or transporting marijuana (§ 11360, subd. (a)) and possessing marijuana for sale (§ 11359).

On July 2, 2013, the court heard and denied defendant's motion to suppress evidence.

On October 22, 2013, defendant entered into a plea bargain. He pled no contest to a new charge, possessing concentrated cannabis, in exchange for the more serious charges being dropped. On November 20, 2013, as agreed, he was placed on felony probation for three years, with time served of 168 days. His conviction was to be reduced to a misdemeanor under Penal Code section 17, subdivision (b), if he would commit no further criminal violations for 22 months.

This appeal followed.

## DISCUSSION

We appointed counsel to represent defendant on appeal. After examination of the record, counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record. We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly*

3

(2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ  
P. J.

We concur:

HOLLENHORST  
J.

RICHLI  
J.

4